IN THE IOWA DISTRICT COURT IN AND FOR POLK COUNTY

| | |
|---|---|
| FRANCIS MCWILLIAMS, Individually and on behalf of all others similarly situated, | Law No. |
| Plaintiffs, | |
| v. | **PETITION AND JURY DEMAND** |
| AETNA HEALTH OF IOWA, INC., and THE RAWLINGS COMPANY LLC, | |
| Defendants. | |

COMES NOW Plaintiff Francis McWilliams, individually and on behalf of all others similarly situated, and for this cause of action against Defendants Aetna Health of Iowa and The Rawlings Company LLC, state as follows:

### Introduction

1. Under Iowa law, a medical malpractice plaintiff is not allowed to seek, and may not obtain, damages against the defendant of "actual economic losses … to the extent that those losses are replaced or are indemnified by insurance, or by governmental, employment or service benefit programs or from any other source." ICA § 147.136(1)

2. Despite this clear law, Defendant Aetna Health of Iowa, Inc., and The Rawlings Company LLC, who have paid the medical expenses of Iowa med/mal plaintiffs, have engaged in a pattern of collecting portions of settlement proceeds and judgment awards under alleged subrogation rights - **even though those plaintiffs did not recover any damages for the medical expenses Defendants paid.**

3. Defendant Aetna Health of Iowa, Inc., alleged subrogation rights are as follows:

> [Y]our Medicare Advantage plan shall be
> subrogated to stand in the place of all rights of
> recovery you have against any person, entity or

1



E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

insurer responsible for causing your injury, illness or condition or against any person, entity or insurer listed as a primary payer above.

In addition, if you receive payment from any person, entity or insurer responsible for causing your injury, illness or condition or you receive payment from any person, entity or insurer listed as a primary payer above, your Medicare Advantage plan has the right to recover from, and be reimbursed by you for all conditional payments the plan has made or will make as a result of that injury, illness or condition.

Your Medicare Advantage plan will automatically have a lien, to the extend of benefits it paid for the treatment of the injury, illness or condition, upon any recovery whether by settlement, judgment or otherwise. The lien may be enforced against any party who possesses funds or proceeds representing the amount of benefits paid by the Plan including, but not limited to, you, your representatives or agents, any person, entity or insurer responsible for causing your injury, illness or condition, or any person, entity or insurer listed as a primary payer above.[1]

4.   Plaintiff is a former medical malpractice plaintiff who had a policy of medical insurance issued by Aetna through which Aetna paid medical bills for the injuries suffered by Plaintiff as a result of that medical malpractice.

5.   Thereafter, Aetna and Rawlings (its subrogation collection agent), extorted Plaintiff, claiming it had a subrogation lien for the full amount of medical bills Aetna paid and forcing Plaintiff to pay Defendants before Aetna and Rawlings would release an alleged lien.

6.   However, regardless of the subrogation language outlined in paragraph three (3), Aetna and Rawlings were precluded from collection of any alleged subrogation lien against Plaintiff as a former medical malpractice plaintiff pursuant to ICA § 147.136(1). *See* ICA § 147.136(1).

---

[1] 2024 EVIDENCE OF COVERAGE FOR AETNA MEDICARE PREMIER PLUS (PPO) 169 (2024).

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

7.   Upon information and belief, this extortionate conduct has occurred innumerous times during the class period.

8.   Plaintiff seeks to certify a class for the determination of Defendants' liability to them under theories of tortious interference with a prospective contract, unfair debt collection practices, civil extortion, breach of the covenant of good faith and fair dealing and unjust enrichment, as well as for punitive damages due to Defendants' willful and wanton disregard of the rights of the class members.

## Parties and Relevant Non-Parties

9.   Plaintiff Francis McWilliams (McWilliams) is a resident of Jasper County, Iowa who was injured in Polk County, Iowa by the medical malpractice of physician on or about June 15, 2021.

10. At all times that non-party physician (Physician) was licensed to practice medicine in Iowa when he negligently provided medical services to McWilliams in Polk County, Iowa on or about June 15, 2021.

11. At all times a non-party entity (Hospital I) was a hospital authorized to do business in Iowa, with its principal place of business in Polk County, Iowa and was a principal and/or employer of Physician on June 15, 2021.

12. At all times a non-party entity (Hospital II) was a hospital authorized to do business in Iowa, with its principal place of business in Polk County, Iowa and was a principal and/or employer of Physician on June 15, 2021.

13. Defendant Aetna Health of Iowa (Aetna) is an insurance company incorporated in the state of Iowa and with its principal place of 4170 NW 114th Street, Urbandale, Iowa 50322, which at all relevant times conducted business in Polk County, Iowa.

3

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

14. Defendant The Rawlings Company LLC (Rawlings) is a Kentucky limited liability company with its principal office located at One Eden Parkway, La Grange, Kentucky, which at all relevant times conducted business in Polk County, Iowa, collecting portions of settlement proceeds and judgment awards under alleged subrogation rights.

## Jurisdiction and Venue

15. Jurisdiction in this Court is proper as the amount in controversy exceeds the statutory limit for small claims court.

16. Venue is proper in Polk County as the underlying med/mal litigation out of which Defendants' actionable conduct arose occurred in Polk County.

## General Allegations

17. Since at least January 1, 2019, Aetna and Rawlings have knowingly and/or recklessly engaged in a pattern of claiming, and collecting, a subrogation interest in the proceeds of medical/malpractice claim settlements and judgments to which they were not entitled.

### McWilliams' Experience

18. At all relevant times, McWilliams had health insurance coverage provided by Aetna.

19. On June 15, 2021, McWilliams was injured by the previously identified relevant non-parties when Physician negligently performed a temporal artery biopsy that lacerated McWilliams' facial nerve.

20. On November 1, 2022, McWilliams filed a medical malpractice lawsuit against the previously identified relevant non-parties, claiming negligence, vicarious liability and negligent retention and supervision.

21. After McWilliams was injured through June 30, 2023, they incurred $7,980.09 in medical expenses, none of which was recoverable from the relevant non-parties due to ICA § 147.136(1).

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

22. On or about August 31, 2023, McWilliams and the relevant non-parties agreed to settle the dispute.

23. On or about August 30, 2023, Rawlings' agent contacted McWilliams' attorneys on behalf of Rawlings and Aetna, claiming they had a statutory lien interest of $7,908.09.

24. From August 30, 2023, Rawlings and Aetna refused to release their lien until the $7,908.09 was paid.

25. On August 30, 2023, McWilliams' attorneys provided Rawlings' agents with a copy of ICA § 147.136(1), and explained how McWilliams had no right to recover the $7,908.09 in medical expenses from the non-party defendants - so Defendants were likewise not entitled to enforce their lien.

26. Rawlings and Aetna continued to refuse to release their lien, and on September 6, 2023, McWilliams' attorneys provided an even more detailed explanation as to how McWilliams had no right to recover the $7,908.09 from the non-party defendants, and Defendants had no right to recovery from McWilliams.

27. Rawlings' and Aetna's refusal to release the lien interfered with McWilliams' and the non-party defendants' closing on the settlement, which was delayed pending resolution of Rawlings' and Aetna's claim.

28. As Rawlings and Aetna refused to relinquish their lien, their extortion was successful, and in order to complete the settlement, McWilliams paid Defendants $7,980.89.

29. As a direct and proximate result of Rawlings' and Aetna's tortious conduct, McWilliams has been injured as set out herein.

## Class Allegations

30. Class Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

31. Pursuant to Iowa Rule Civil Procedure 1.261, Class Plaintiffs bring this action for themselves and on behalf of a class pertaining to Defendants tortious interference, unfair debt collection practices, civil extortion, breach of the covenant of good faith and fair dealing, and unjust enrichment, defined as follows:

> **All persons who settled a medical malpractice claim and paid a claimed subrogation lien to Aetna and/or Rawlings for medical expenses Aetna paid due to that medical malpractice at any time from** January 1, 2019 **to the present (5 years).**

32. Class actions in Iowa are governed by Rules 1.261-1.263; Rule 1.261 sets out two requirements for class certification: (I) the class is so numerous that joinder is impracticable; and (II) there is a question of law or fact common to the class.

33. **Numerosity**. Aetna is a nationwide insurance company that offers policies of accident & health insurance, Medicare and federal employees health benefits to Iowans; in 2020 it had $31,728,963 in Schedule T Premiums[2] for Iowa, alone.

34. According to ValChoice, the average annual health insurance premium in Iowa is $6,216.[3]

35. Thus, it is reasonably estimated that Aetna provides medical insurance to over 5,000 Iowa residents annually.

---

[2] *See* Aetna Health Annual Report p. 38.
[3] Iowa Health Insurance, ValChoice, https://www.valchoice.com/state-insurance-information/health/iowa/ (last visited Dec. 6, 2023).

E-FILED 2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

36. Iowa's Legislative Services Agency identifies that an average of 160 medical malpractice cases are filed in Iowa each year, so over the 5-year class period, approximately 800 medical malpractice claims were filed.[4]

37. Accordingly, it is reasonably estimated that well-over 40 individuals (5% of all medical malpractice claimants), had medical malpractice lawsuits and incurred medical expenses due to that malpractice that were paid by Aetna.

38. Likewise, it is reasonably estimated that those 40+ individuals had unwarranted subrogation fees extorted from them while their settlements were pending.

39. Upon information and belief, Rawlings has represented Aetna in every one of its extorted unwarranted subrogation liens.

40. Under Iowa law, a "class with forty or more members is within the range where impracticability is presumed." *Legg v. West Bank*, 873 N.W.2d 756, 759 (Iowa 2016).

41. **Predominance or commonality.** Common questions predominate with this putative class: (I) Whether Defendants provided medical insurance to class member? (II) Whether Defendants paid medical expenses incurred due to medical malpractice? (III) Whether Defendants refused to release subrogation liens for medical malpractice plaintiffs absent payment of medical expenses? and (IV) Whether Defendants' refusal to release liens interfered with the settlement of medical malpractice lawsuits?

42. Rule 1.262 articulates other factors to be considered, including (b) will the class promote the fair and efficient adjudication of the controversy; and (c) will the proposed representatives adequately protect class interests?

---

[4] Fiscal Note, *Iowa Legislative Services Agency*,
https://www.legis.iowa.gov/docs/publications/FN/1368141.pdf (last visited Dec. 6, 2023).

43. **Fair and efficient**. As the class shares the common questions articulated above, it will be the most fair and efficient method of adjudicating the controversy.

44. **Adequate representation.** McWilliams is a medical malpractice plaintiff whose settlement of their claim was interfered with by Defendants. Defendants extorted from McWilliams payment of medical expenses Aetna had paid, and became unjustly enriched thereby. Accordingly, they will adequately represent the class.

45. Rule 1.263 articulates further factors to be considered at the class certification stage; nonetheless, even at the pleading stage, it is clear that Rule 1.263(1)(m) is satisfied here - the claims of the individual class members are insufficient in the amounts or interests involved, in view of the complexities of the issues and the expenses of litigation, to afford significant relief to the members of the class.

### Count I
### Tortious Interference with a Contractual Relationship
### Defendants Aetna and Rawlings

46. Class Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

47. At all times relevant hereto, Plaintiff and the class members had contractual relationships with non-party medical malpractice defendants and their insurance providers to settle medical malpractice claims.

48. At all times relevant hereto, Defendants were aware of those settlements.

49. At all times relevant hereto, Defendants improperly interfered with those settlements, preventing them from closing.

50. Up until the time Plaintiff and the class members capitulated, Defendants' interference prevented the closing of the settlements.

8

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

51. As a direct and proximate result of Defendants' tortious conduct, Plaintiff and the class members lost the time value of money.

52. At all times Defendants' conduct was willful and in wanton disregard to the rights of Plaintiff and the class members, justifying an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in amounts that will fully and fairly compensate them for their injuries, for punitive damages in an amount sufficient to punish them and deter them and others from such conduct in the future, for interest allowed by law and for the costs of this action.

### Count II
### Violation of Iowa's Fair Debt Collection Practices Act
### ICA § 537.7103
### Defendants Aetna and Rawlings

53. Class Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

54. At all times relevant hereto, Defendants were debt collectors attempting to, and collecting, a debt, as defined in Chapter 537.

55. At all times Plaintiff and class members were debtors of Defendants as defined in Chapter 537.

56. At all times Defendants made false misrepresentations to Plaintiff and class members that they had the right to collect the amount paid in medical expenses due to medical malpractice.[5]

57. At all times Defendants violated the prohibitions against unfair debt collection practices.[6]

58. As a direct and proximate result of Defendants' violations, Plaintiff and class members have lost money and property.

---

[5] ICA § 537.710(4)(f)
[6] ICA § 537.5201(1)(a)(25).

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff prays for judgment against Defendants in amounts that will fully and fairly compensate them for their injuries, for reasonable attorney's fees, for interest allowed by law and for the costs of this action.

## Count III
## Civil Extortion

59. Class Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

60. Defendants, with the purpose of obtaining for themselves the amounts paid under policies of medical insurance for expenses incurred due to medical malpractice, threatened to wrongfully injure Plaintiff's and class members' property interests in the proceeds of settlement agreements.

61. These threats were communicated to and directed toward Plaintiff and the class members.

62. As a direct and proximate result of Defendants' extortion, Plaintiff and class members have lost money and property.

63. At all times Defendants' conduct was willful and in wanton disregard of the rights of Plaintiff and the class members.

WHEREFORE, Plaintiff prays for judgment against Defendants in amounts that will fully and fairly compensate them for their injuries, for punitive damages in an amount sufficient to punish them and deter them and others from such conduct in the future, for interest allowed by law and for the costs of this action.

## Count IV
## Breach of the Covenant of Good Faith and Fair Dealing
## Defendant Aetna

64. Class Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

65. At all times relevant hereto, Plaintiff and the class members had contracts of medical insurance coverage with Defendant Aetna.

66. Those contracts required Aetna to pay medical expenses.

67. Those contracts had an implied covenant of good faith and fair dealing, that no party would do anything that would have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.

68. Iowa's statute precluding recovery of medical expenses in medical malpractice cases is incorporated into those contracts.

69. Accordingly, Plaintiff and the class members were entitled to not be forced to pay medical expenses that, under the contracts and Iowa law, Aetna was obligated to pay.

70. Yet, as set out herein, Aetna routinely breached those contracts when it extorted unwarranted subrogation liens from the Plaintiff and class members.

71. As a direct and proximate result of Aetna's breach, Plaintiff and the class members have lost money and property.

WHEREFORE, Plaintiff prays for judgment against Defendants in amounts that will fully and fairly compensate them for their injuries, for interest allowed by law and for the costs of this action.

## Count V
## Unjust Enrichment

72. Class Plaintiff incorporates by reference all proceeding paragraphs as if fully set forth herein.

73. As alleged above, Defendants enriched themselves with extorted payments of unwarranted subrogation liens from Plaintiff and class members.

E-FILED 2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

74. As a direct result of this extortion, Plaintiff and class members were deprived of money and property.

75. At no time were Defendants justified for the enrichment.

76. At no time were Plaintiff or class members justified in losing the money or property.

WHEREFORE, Plaintiff prays for judgment against Defendants in amounts that will fully and fairly compensate them for their injuries, for interest allowed by law and for the costs of this action.

## Jury Demand

Plaintiffs demand a trial by jury on all counts so triable.

Respectfully submitted,


/s/ *Marc S. Harding*
Marc S. Harding AT0003226
HARDING LAW OFFICE
1217 Army Post Road
Des Moines, Iowa 50315
Telephone: (515) 287-1454
Facsimile: (515) 287-1442
marc@iowalawattorneys.com

/s/ *Jeffrey M. Lipman*
Jeffrey M. Lipman AT0004738
LIPMAN LAW FIRM
1454 30th Street, Suite 205
West Des Moines, IA 50266
T: 515-276-3411
F: 515-276-3736
e: jeff@lipmanlawfirm.com




/s/ *Shane Michael*
Shane Michael AT0005446
MICHAEL LAW FIRM
1200 Valley West Drive Ste 204

E-FILED  2024 MAY 08 2:38 PM POLK - CLERK OF DISTRICT COURT

West Des Moines, IA 50266
T: 515-699-8645
F: 515-225-6999
e: MichaelLawFirm@gmail.com


 /s/ *Christian J. Crocker*
Christian J. Crocker AT0015697
HARDING LAW OFFICE
1217 Army Post Road
Des Moines, Iowa 50315
Telephone: (515) 287-1454
Facsimile: (515) 287-1442
christian@iowalegal.com


ATTORNEYS FOR PLAINTIFFS